THE STATE OF OHIO, APPELLEE, *v.* BLACK, APPELLANT.

(No. 77-1011—Decided May 31, 1978.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Sadd,* for appellee.

*Mr. Michael J. Occhionero,* for appellant.

LOCHER, J.

## I.

Appellant's first three propositions of law involve similar issues and will therefore be considered together.

The first proposition of law alleges, in essence, that the state of Ohio (appellee) failed to prove beyond a reasonable doubt that any robbery or any attempt thereof was committed by the appellant. The second proposition alleges a dearth of evidence in respect to the *corpus delicti* of robbery, and therefore appellant states that the trial court improperly admitted his extrajudicial inculpatory statement. The third proposition claims that there was insufficient evidence to enable the jury to conclude that the element of "purpose" required for aggravated murder, pursuant to R. C. 2903.01(B), was established beyond a reasonable doubt.

Upon a perusal of the record in the instant cause, we find these propositions to be without merit. The necessity of independently proving the *corpus delicti* to render an extra judicial confession admissible is well established. *State* v. *Maranda* (1916), 94 Ohio St. 364. The *corpus delicti* of a crime is the body or the substance of the crime, included in which are usually two elements: the act, and the criminal agency of the act. The second paragraph of the syllabus in *State* v. *Maranda, supra,* states, in part, that "[t]he *quantum* or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a *prima facie* case" but pronounced the test of sufficiency in the following terms:

"It is sufficient if there is *some* evidence outside of the confession that tends to prove *some* material element of the crime charged." (Emphasis *sic.*)

In a more recent opinion, *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, after examining the origins of the *corpus delicti* rule, this court, at pages 35-36, concluded:

"Considering the revolution in criminal law of the 1960's and the vast number of procedural safeguards protecting the due-process rights of criminal defendants, the *corpus delicti* rule is supported by few practical or social-policy considerations. This court sees little reason to apply the rule with a dogmatic vengeance."

In this cause, a security guard saw the decedent leaving the Veterans Administration Hospital with a shopping

bag. Within a few minutes of observing the decedent's departure, the guard heard three gunshots in rapid succession. The decedent, shot twice and with her head lying in a pool of her blood, was found a short distance from the hospital within an hour after she had been observed by the guard. Police searches of the area failed to produce the shopping bag or any of decedent's missing personal effects. Applying the minimal standards espoused in *State* v. *Maranda, supra,* and cognizant of the expression of the limited utility of the *corpus delicti* rule found in *State* v. *Edwards, supra,* we conclude that the record *sub judice* certainly contains some evidence of both the criminal act and a criminal agency tending to prove the *corpus delicti.* Therefore, there was no error in the admission of appellant's inculpatory statement to the Hickman sisters that he stole a white lady's purse, as it was admissible to establish the *nexus* between the appellant and the crime.

The first and third propositions ask for a determination of the sufficiency of the evidence. The test pronounced in *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, 165, to determine the sufficiency of the evidence is whether reasonable minds can reach different conclusions on the issue of whether the defendant is guilty beyond a reasonable doubt. Applying this standard to the cause *sub judice,* we find that there is sufficient evidence in the record, heretofore iterated in this opinion, upon which reasonable minds could conclude, as did the jury, that appellant was guilty of aggravated robbery and aggravated murder with the specification. Specifically, there was sufficient evidence upon which the jury could conclude that the decedent was purposely murdered contrary to appellant's assertion of insufficiency premised upon the deceased's being shot in the back of the right shoulder and the jaw. In *State* v. *Farmer* (1951), 156 Ohio St. 214, 222, this court recognized that "[i]f the use of a weapon, likely to produce death or serious bodily harm, results in death, such use, in the absence of circumstances of explanation or mitigation, may justify a determination beyond a reasonable doubt

that there was an intent to kill." See, also, *State* v. *Lockett* (1976), 49 Ohio St. 2d 48. The murder of the decedent was a natural and probable consequence of a felonious act involving the employment of a dangerous instrument. The record clearly contains sufficient evidence upon which a jury could find a purposeful intent to kill, and this court can not alter that finding in the absence of evidence tending to rebut or mitigate the existence of that intent.

Appellant's first three propositions of law are hereby rejected.

## II.

Appellant urges next that the trial court erred in restricting his counsel's attempt to cross-examine Beverly Hickman. During her cross-examination, Beverly was asked if she had at any time been threatened by Michael Taylor and whether at one time Taylor had threatened to shoot her. To both of these questions Beverly responded in the affirmative. Neither these two questions nor their respective answers drew any objection from the appellee. Subsequent questioning concerning Beverly's fear of Taylor was objected to, and the trial court sustained these objections.

The attempted questioning of Beverly, which was prohibited by the trial court, appears from the record to have been unrelated to any inducement of fear by Taylor with respect to Beverly's testimony at trial. We thus find no abuse of discretion by the trial court in excluding this line of questioning.

Moreover, even assuming, *arguendo,* that the trial court did err in sustaining these objections, we fail to perceive any resultant harm to the appellant. *Chapman* v. *California* (1967), 386 U. S. 18. The two admitted responses of Beverly clearly demonstrated to the jury that she had been threatened by Taylor in the past and provide a basis for the jury's determination of the credibility of Beverly's testimony in light of these threats. Additionally, the testimony of Barbara Hickman, Beverly's sister, also related appellant's inculpatory statement and thus corroborated

Beverly's statements associating the appellant with the crime. This proposition of law is overruled.

### III.

Appellant, in his fifth proposition of law, contends that the trial court committed error in failing to instruct the jury on the lesser-included offense of murder. This court need not address this proposition of law as appellant failed to object to the jury instructions. *State* v. *Williams* (1977), 51 Ohio St. 2d 112. See Crim. R. 30. It is an accepted rule of law in Ohio that an appellate court need not consider an error whch a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State* v. *Barker* (1978), 53 Ohio St. 2d 135; *State* v. *Gordon* (1971), 28 Ohio St. 2d 45.

Nor do we find any substance to appellant's argument that it was plain error for the trial court to fail to instruct on the lesser-included offense, and thus, pursuant to Crim. R. 52(B), this error should be considered. In *State* v. *Strodes* (1976), 48 Ohio St. 2d 113, the court stated, at page 117:

"* * * A trial court is not permitted to consider lesser included offenses if the accused presents a complete defense to all substantive elements of the crime charged. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133. Alibi is such a defense." See, also, *State* v. *Long* (1978), 53 Ohio St. 2d 91.

Appellant admits that he presented a defense of alibi, constituting a complete defense to the counts of the indictment. Moreover, as we have previously found, the appellee had presented sufficient evidence to establish every essential element of the crimes charged.

The fifth proposition of law is not well taken.

### IV.

In his sixth proposition of law, appellant maintains that the statutory framework in Ohio for the imposition of capital punishment, and particularly R. C. 2929.04(B)(3)

in prescribing what constitutes psychosis or mental deficiency, are violative of the protections of the United States Constitution established in the Eighth and Fourteenth Amendments thereto. This issue in general was decided in *State* v. *Bayless* (1976), 48 Ohio St. 2d 73; *State* v. *Woods* (1976), 48 Ohio St. 2d 127; *State* v. *Bell* (1976), 48 Ohio St. 2d 270; *State* v. *Shelton* (1977), 51 Ohio St. 2d 68, and need not be considered herein. Appellant's argument that R. C. 2929.04(B)(3) is unconstitutionally vague is without merit in light of this court's decisions in *State* v. *Black* (1976), 48 Ohio St. 2d 262, and *State* v. *Edwards, supra* (49 Ohio St. 2d 31). Appellant's sixth proposition of law is rejected.

## V.

In the first paragraph of the syllabus in *State* v. *Downs* (1977), 51 Ohio St. 2d 47, this court stated that the mitigation hearing is not an adversary proceeding and that neither the defendant nor the prosecution has the burden of producing any evidence of mitigating circumstances. In *State* v. *Toth* (1977), 52 Ohio St. 2d 206, 216-217, finding that the trial court improperly placed the burden of proving one of the mitigating circumstances upon the defendant, and thus the proceedings at the hearing "were infected with an adversary atmosphere, which may have adversely affected the proper outcome," this court remanded the cause for a new mitigation hearing.

A careful examination of the record reveals that the trial court improperly placed upon the appellant the burden of proving one of the mitigating factors in R. C. 2929.04(B) by a preponderance of the evidence.*

---

*In *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 86, this court enunciated its intent in capital cases to independently review the mitigating circumstances presented by the facts of each case to assure that capital sentences are fairly imposed in Ohio. Clearly evident from our reading of the transcript of the mitigation hearing is the trial court's improper placement upon the appellant of the burden of proving a mitigating circumstance. The following statements of the trial court are demonstrative of the erroneous assignment to the appellant of the burden of proof:

Accordingly, the judgment of the Court of Appeals with respect to the conviction of the appellant as to both counts is affirmed, but the judgment of the Court of Appeals affirming the death penalty is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

---

"It seems to me he [appellant] has failed under the burden of the statute to determine [whether] there is any mitigating factor under the Code, Section 2929.04. Not only has the defendant failed to establish that he suffers from a mental deficiency * * *.

"* * *

"* * * But nevertheless I must impose the burden placed by the Legislature. But more than that, the statute says that the defendant shall establish by a preponderance that the mental deficiency was the primary cause; not just a cause, but the primary cause of the killing. * * *

"So applying the statute, the Court has only one course open to it, and that is to find that the defendant has failed in his burden of proving that one of the three mitigating circumstances under the Code exists. * * *"