THE STATE OF OHIO, APPELLEE, *v.* BURGE, APPELLANT.

(No. 10135—Decided December 7, 1987.)

*Lee C. Falke,* prosecuting attorney, and *Carley J. Ingram,* for appellee.

*Kurt R. Portmann,* county public defender, for appellant.

WOLFF, J. In early June 1986, William Arthur Burge, appellant, presented himself at the Dayton Police Department, and confessed that he had killed a young woman with a shotgun blast sixteen years earlier, and buried her body. Burge directed the police to the burial site, where excavation unearthed skeletal remains, remnants of female underclothes, remnants of a mattress, and two cinder blocks.

Approximately one week after this confession and discovery, Burge was indicted for violating, between May 1 and May 31, 1970, R.C. 2901.06 and 3773.21 of the pre-1974 Ohio Criminal Code:

"[R.C. 2901.06] No person shall unlawfully kill another. Whoever violates this section, except in the manner described in sections 2901.01 to 2901.05, inclusive, of the Revised Code, is guilty of manslaughter in the first degree, and shall be imprisoned not less than one nor more than twenty years."

"[R.C. 3773.21] No person shall discharge a firearm on a lawn, park, pleasure ground, orchard, or other ground appurtenant to a schoolhouse, church, or an inhabited dwelling, the property of another, or a charitable institution. This section does not prevent or prohibit the owner thereof from discharging firearms upon his own enclosure."

Burge eventually was tried by the court. After the state rested, the trial court overruled Burge's motion for judgment of acquittal as to the manslaughter count, and sustained his motion as to the firearm count. Burge presented no evidence and was found guilty of manslaughter. The trial court sentenced Burge to one to twenty years' imprisonment, suspended the sentence, and placed Burge on probation.

Burge appeals, advancing the following assignments of error.

"I. The trial court erred to appellant's prejudice in admitting the prosecution's evidence of appellant's inculpatory admissions to police officers *prior* to the prosecution present-

ing any independent, corroborative evidence of the offense charged, manslaughter, as mandated by Ohio's *corpus delicti* [*sic*] rule.

"II. The trial court erred in overruling appellant's motion to acquit on Count 1, manslaughter, in that its acquittal as to Count 2 represents reasonable doubt as to whether there was sufficient evidence on every essential element of manslaughter."

Unquestionably, Burge was convicted by his own statements to the police. The issue raised by the first assignment is whether the state presented sufficient evidence of the *corpus delicti* of manslaughter prior to admitting Burge's statements.

Both sides agree that *State* v. *Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038, states the applicable law:

"1. By the *corpus delicti* of a crime is meant the body or substance of the crime, included in which are usually two elements: 1. The act. 2. The criminal agency of the act.

"2. It has long been established as a general rule in Ohio that there must be some evidence outside of a confession tending to establish the *corpus delicti*, before such confession is admissible. The *quantum* or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a *prima facie* case. * * *"

Prior to admitting Burge's statements, there was evidence that skeletal remains consistent with those of a young Caucasian woman sixty-one to sixty-three inches in height had been found upon the property of 2729 Vance Road, Dayton, which had been the site of the Outlaws motorcycle gang's clubhouse in 1970. The cause of death was undetermined. The excavation where the skeletal remains were uncovered was two to two and one-half feet deep, its surface dimensions approximately three by four to five feet.

The site was wooded. Excavation first revealed the cinder blocks, then the mattress remnants, and then the skeletal remains.

After summarizing and evaluating this threshold evidence, the trial court concluded:

"The only reasonable conclusion, therefore, that the Court can find from the facts is that this shallow grave, isolated area, no casket or box, remains are weighted down, that the death was other than by natural means; what, I don't know."

The facts of this case bear a remarkable similarity to those of *State* v. *Ralston* (May 11, 1983), Clermont App. No. CA-956, unreported:

"The State introduced into evidence that a hunter found the skeletal remains of Dianne McCrobie in a Clermont County woods. The hunter testified that he did not see the body until he stepped on something which crunched under his foot. He testified that the reason he did not see the body was that there were some evergreen branches lying over the body. The hunter, also, testified that the site where he found the body was not at the edge of the woods; nor was the body next to a tree or brush. A police officer testified that Dianne McCrobie's remains were covered by four to five individual branches or pieces of cedar brush.

"The general rule in Ohio is: 'a) The *corpus delicti* of a crime is the body or substance of the crime, included in which are usually two elements: (1) the act and (2) the criminal agency of the act; b) there must be some evidence in addition to a confession tending to establish the *corpus delicti*, before such confession is admissible; c) the *quantum* or weight of such additional or extraneous evidence is not of itself required to be equal to proof beyond a reasonable doubt, nor even enough to make a

*prima facie* case.' *State* v. *Black* (1978) 54 Ohio St. 2d 304, 376 N.E. 2d 948; *Edwards, supra; State* v. *Maranda* (1916), 94 Ohio St. 364, 114 N.E. 1038.

"All that is required for a confession to be admissible is that the prosecution produce *some* evidence tending to corroborate that the death was the result of a criminal agency, i.e. evidence tending to prove homicide. *Edwards, supra.*

"In the case at bar, there was not any circumstantial or direct evidence of the cause of death or of any injury to the neck. However, there was evidence of an attempt to conceal the body, i.e. branches placed over the body in a site that was not at the edge of the woods, nor next to a tree or bush. The case *sub judice* is different in this respect than the case of *State* v. *Ralston* (1979), 67 Ohio App. 2d 81, 425 N.E. 2d 916 (*corpus delicti* not established). In *Ralston, supra,* there was not any evidence of the cause of death, injury to the body or *an attempt to conceal the body.*

"Whereas there was some evidence to show the *corpus delicti,* the trial court did not err in admitting the appellant's confession into evidence." *Id.* at 5-6.

The *corpus delicti* evidence here is at least as compelling, if not more so, than that in the *Ralston* case dealing with the McCrobie killing. (Ralston was convicted of killing four women in four separate cases.)

Bearing in mind the purpose of the *corpus delicti* rule, *Maranda, supra,* at 370, 114 N.E. at 1040, which was accomplished here by the discovery of the skeletal remains where Burge indicated they would be found, and further bearing in mind that the rule need not be applied "with a dogmatic vengeance," *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, at 35-36, 3 O.O. 3d 18, at 21, 358 N.E. 2d 1057, at 1056, we overrule the first assignment of error.

Burge claims that the acquittal on the firearms count represents reasonable doubt as to the elements of manslaughter.

The state conceded that Burge should be acquitted on the firearm count because no *corpus delicti* evidence on the firearm count preceded the admission of his confession.

However, the *corpus delicti* rule was satisfied as to the manslaughter count. As such, Burge's confession was admissible to establish, as it did, that the killing occurred as a result of his violating R.C. 3773.21.

There is no question that Burge's statements and other evidence established that Burge "discharge[d] a firearm on ground appurtenant to an inhabited dwelling, to wit: a residence located at 2729 Vance Road, Dayton, Ohio, the property of another * * *."

Burge confessed to the police that he had killed a young woman with a shotgun blast. The fact that he claimed the killing was accidental was of no consequence as to a charge of manslaughter, where the evidence established Burge violated R.C. 3773.21. See *State* v. *Schaeffer* (1917), 96 Ohio St. 215, 117 N.E. 220; *Black* v. *State* (1921), 103 Ohio St. 434, 133 N.E. 795.

There was sufficient evidence on every essential element of the offense. The second assignment of error is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

KERNS, P.J., and BROGAN, J., concur.