THE STATE OF OHIO, APPELLEE, *v.* ALEXANDER, APPELLANT.

(No. 88CA004457—Decided June 14, 1989.)

*Gregory A. White,* prosecuting attorney, for appellee.
*Kenneth M. Lieux,* for appellant.

QUILLIN, J. Following a jury trial, defendant, Leslie G. Alexander, Jr., was convicted of rape. At trial, defendant filed a motion to dismiss on the grounds that his prosecution was barred by the statute of limitations. The trial court, without stating its reasons, overruled the motion. We affirm.

The victim testified that defendant sexually molested her on several occasions during the early months of 1980 until September 1980. The victim, who was six years old at the time of the incidents, testified that because defendant molested her so often, she thought it "was your everyday thing."

In 1984, the victim, upon hearing a neighbor tell that her daughter had been sexually abused, told the neighbor about the incidents with defendant. The neighbor, upon the request of the victim's mother, contacted an attorney about the matter, but was told that nothing could be done because too many years had passed.

In 1987, the Children's Services Bureau contacted the victim's mother about the rapes. Criminal proceedings were then instituted against defendant.

Assignment of Error

"The trial court erred to the prejudice of the appellant by overruling the appellant's motion to dismiss based upon the statute of limitations as specified in Ohio Revised Code 2901.13."

R.C. 2901.13 provides in part:

"(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

"(1) For a felony other than aggravated murder or murder, six years[.]"

It is undisputed that more than six years had elapsed between the time of the rapes and defendant's indictment. R.C. 2901.13(F), however, provides:

"The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

*Corpus delicti* refers to the body or the substance of a crime and includes two elements: (1) the act and (2) the

criminal agency of the act. *State* v. *Black* (1978), 54 Ohio St. 2d 304, 307, 8 O.O. 3d 296, 297, 376 N.E. 2d 948, 951.

The victim testified that because the rapes occurred so frequently, she did not know that the acts were wrong. As in many child molestation cases, the victim in the present case was quite young and naive, and did not comprehend until she was older that the acts committed against her were wrong.

We see no difference between a six-month-old infant who is incapable of knowing a wrong has occurred and a six-year-old child who does not comprehend that a wrong has occurred. In either case, no competent person other than the wrongdoer is aware of the wrong. In such a situation the *corpus delicti* is undiscovered.

Therefore, we hold that when a child-victim does not know that an act is wrong, the *corpus delicti* of the crime remains undiscovered, and the period of limitation does not commence to run until the wrong is discovered.

The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and REECE, J., concur.