This is an appeal from the Meigs County Court of Common Pleas. Appellant John Young was found to be a sexual predator under R.C. 2950.09 and appeals from that finding designating three assignments of error.
ASSIGNMENT OF ERROR I
 "OHIO REVISED CODE CHAPTER 2950, AS APPLIED THROUGH SECTIONS 2950.04 AND 2950.09 TO CONDUCT PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE, VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION."
 ASSIGNMENT OF ERROR II
 "OHIO REVISED CODE CHAPTER 2950, AS APPLIED THROUGH SECTIONS 2950.04 AND 2950.09 TO CONDUCT PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE, VIOLATES THE RETROACTIVE CLAUSE OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR III
 "THE TRIAL COURT ERRED IN MAKING ITS FINDING THAT YOUNG IS A SEXUAL PREDATOR."
Assignments of error I and II shall be treated jointly since they both raise constitutional issues. This court has already ruled on the constitutionality of the sexual predator law, inState v. Jones (May 6, 1998), Athens App. No. 97 CA 42, unreported. In that case, this court upheld R.C. 2950.03 and R.C. 2950.04 against claims based on the ex post facto clause of the United States Constitution and the retroactive clause of the Ohio Constitution. Counsel for appellant was aware of this holding and cited it in appellant's brief, and no doubt raised these constitutional issues to preserve Young's claim pending a final determination of these issues by the Ohio Supreme Court.
The Supreme Court has now ruled in State v. Cook (1998),83 Ohio St.3d 404, in paragraph one of the syllabus, that R.C.2950.09(B)(1) does not violate the retroactivity clause of Section 28, Article II, of the Ohio Constitution, and in paragraph two of the syllabus, that R.C. 2950.09(B)(1) does not violate the ex post facto clause of Section 10, Article I of the United States Constitution.
Therefore, based on the authority of State v. Cook, supra, we find that appellant's assignments of error are not well taken.
Assignment of error III raises an argument on the sufficiency of the evidence. When addressing the sufficiency of the evidence, the focus is all of the evidence presented by either party. The standard of review for the sufficiency of the evidence in a criminal case is well established. Reversible error occurs when there is insufficient evidence to sustain the judgment or when the evidence for the judgment is so substantially outweighed by all the evidence contrary, that the judgment cannot be reasonably sustained. In reviewing the legal sufficiency of evidence to support a jury verdict, it is the minds of the jurors rather than a reviewing court which must be convinced. State v. Petro (1947), 148 Ohio St. 473, 501-502;State v. DeHass (1967), 10 Ohio St.2d 230. The test for the sufficiency of the evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether defendant is guilty beyond a reasonable doubt. Statev. Black (1978), 54 Ohio St.2d 304. In a sexual predator hearing, the burden of proof is met by clear and convincing evidence and not beyond a reasonable doubt, but the issue is still decided by determining whether reasonable minds can reach differing conclusions.
In this case, the state offered evidence of Young's conviction by introducing parts of the transcript of the testimony at Young's original trial. Counsel objected on the grounds that there had not been proper discovery, but as appellee noted, there was no request for such discovery. The testimony admitted showed that although the charge was kidnapping, Young's conduct was sexual in nature. Obviously, the facts of the conviction alone would not be sufficient to establish sexual predator status because if such status could be established without more, then sexual predator status would result automatically on conviction for any sexual offense.
The legislature directed that the courts make a separate inquiry to determine if, by clear and convincing evidence, the defendant is likely to engage in sex crimes in the future. Predicting future behavior is a difficult thing to do, and the criteria set out in R.C. 2950.09(B)(2) may be of limited help. This is especially true where there has not been a proper hearing with full discovery on both sides. The hearing requires the presentation of evidence, both pro and contra, upon which the court can make reasonable inferences about future conduct based on past conduct. Such a hearing was not conducted in this case.
Appellee argues that appellant's counsel did not request discovery, but the record indicates that appellant's counsel sought the opportunity to be better prepared. On such an important question as sexual predator status, the doctrine of waiver should not be routinely applied.
From the record before us, we find that the hearing conducted in this case was not conducted in the manner required by R.C. Chapter 2950. To that extent, assignment of error three is well taken and is sustained.
Based on the foregoing, the judgment of the trial court is reversed. This case is remanded to the trial court for a full scale hearing, including discovery, on the criteria set out in R.C. Chapter 2950.
Based on the foregoing, the judgment of the trial court is reversed and remanded.
JUDGMENT REVERSED AND REMANDED
 JUDGMENT ENTRY
It is ordered that the judgment of the trial court be reversed and judgment entered for appellant. Appellant shall recover of appellees his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Meigs County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
FOR THE COURT:
 ------------------------- Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Lawrence Grey, retired of the Fourth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth District.