OPINION
Plaintiff-appellant, Norma Jean Johnson, appeals a Clermont County Court of Common Pleas judgment entry granting summary judgment to defendant-appellee, Sears Roebuck and Company ("Sears"), in a slip and fall case.[1] For the reasons that follow, we reverse and remand for further proceedings.
On November 12, 1997, appellant was Christmas shopping with her granddaughter at Sears when she stepped onto the down escalator. As soon as she put her hand on the handrail, appellant felt a slippery substance. She slipped and fell to the bottom of the escalator stairs, screaming and hitting every step along the way.
After the fall, a customer said that if she had seen the escalator's emergency stop button in time, she would have pressed it to try to stop appellant's fall. According to appellant, a Sears' employee then said, "Oh, my God, there's one there and I didn't know it." Appellant stated that this employee was present when she fell and she believed that he could have pressed the stop button.
Appellant stated that the substance on the handrail "felt like oil or something greasy," but she did not see it before stepping onto the escalator. Appellant did not have any knowledge of how this substance was placed on the handrail or how long it had been there before her fall.
After the fall, appellant was bleeding and visibly bruised. Appellant did not immediately go to the hospital but went to her own physician two days later, when the pain became so great that she could barely walk. Since the accident, appellant's daily activities have been substantially limited and she continues to suffer considerable pain.
Appellant sued Sears, alleging negligence and requesting compensatory and punitive damages. Sears subsequently moved for summary judgment. Appellant filed a memorandum in opposition to summary judgment.
Attached to appellant's memorandum in opposition to summary judgment was "Plaintiff's Exhibit A," a copy of maintenance records for the Sears escalator. On April 11, 1997, and October 27, 1997, the maintenance records state "D [drip] bucket leaking down unit." The records also indicate a leaking drip bucket on January 16, 1998, January 19, 1998, and March 19, 1998. The notes from November 6, 1998 and December 3, 1998 state "oil leaking on steps."
The trial court granted summary judgment to Sears. In its judgment entry, the trial court noted that it would not consider the escalator maintenance records. The trial court explained that the records were an attachment to a memorandum and not evidence that it should consider when determining summary judgment pursuant to Civ.R. 65(C). The trial court found that appellant had failed to provide affidavits or other admissible evidence showing the length of time that the slippery substance was on the escalator. Finding that appellant failed to show that Sears had actual or constructive notice of the slippery substance, the trial court concluded that summary judgment was proper.
Appellant appeals from the judgment of the trial court, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED, TO THE DETRIMENT OF THE APPELLANT, IN REFUSING TO CONSIDER THE MAINTENANCE RECORDS FOR THE ESCALATOR IN DETERMINING WHETHER OR NOT A GENUINE ISSUE OF MATERIAL FACT EXISTS.
In her first assignment of error, appellant argues that the trial court erred by refusing to consider the maintenance records of the Sears escalator when determining whether to grant summary judgment.
Pursuant to Civ.R. 56(C), a summary judgment is appropriate when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66. This court reviews a trial court's decision to grant summary judgment de novo. Jonesv. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
Civ.R. 56(C) states in relevant part the following:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulations may be considered except as stated in this rule. (Emphasis added.)
A supplemental memorandum in support of a motion for summary containing answers to interrogatories may be considered by a court when determining whether to grant summary judgment. Civ.R. 56(C); See Jackson v. Alert Fire Safety Equip. (1991),58 Ohio St.3d 48, 52. Evidentiary matter not specifically authorized by Civ.R. 56(C) may be considered by the court in summary judgment proceedings if accompanied by a properly framed affidavit pursuant to Civ.R. 56(E). See State ex rel.Corrigan v. Seminatore (1981), 66 Ohio St.2d 459, 467.
Appellate courts have held that a court may, in its discretion, consider other documents than those enumerated in Civ.R. 56(C) if there is no objection. See, e.g., Lytle v. Columbus (1990),70 Ohio App.3d 99, 104; Gaumont v. Emery Air Freight Corp. (1989),61 Ohio App.3d 277, 287; Biskupich v. Westbay Manor Nursing Home
(1986), 33 Ohio App.3d 220, 222; Johnson v. Johnson (June 28, 1985), Brown App. No. CA85-01-002, unreported, citing State v.Black (1978), 54 Ohio St.2d 304. It has also been held that a court does not commit reversible error by considering documents not in accordance with Civ.R. 56(C) or (E) where there is no suggestion that the documents are not authentic or that the result would be different if the documents were properly authenticated.Interntl. Bhd. of Elec. Workers v. Smith (1992), 76 Ohio App.3d 652,660; Knowlton Co. v. Knowlton (1983), 10 Ohio App.3d 82, 87, reversed on other grounds, Knowlton Co. v. Knowlton (1992),63 Ohio St.3d 677.
Attached to appellant's memorandum in opposition to summary judgment was a copy of the maintenance records for the Sears escalator. The trial court determined that it could not consider this evidence when making its decision whether to grant summary judgment. The only objection Sears made to the trial court regarding this evidence was in a parenthetical statement contained in its reply memorandum to appellant's memorandum in opposition to summary judgment. Sears stated that "[t]hese records should not even be considered by the Court under Civ.R. 56 because they have not been authenticated by affidavit or other form of authentication." Sears then argued the merits of its motion for summary judgment assuming that the trial court would consider the maintenance records. Sears did not maintain that the records were inaccurate or untrustworthy, but merely noted that they were not properly authenticated by appellant.
On appeal, appellant explains that Sears provided these maintenance records to appellant as a part of its answers to interrogatories and request for production of documents. Appellant contends that the trial court should have considered the maintenance records because they were answers to interrogatories. See Civ.R. 56(C). On appeal, Sears again does not assert that the maintenance records are inaccurate or untrustworthy, but only insists that they were not properly filed with the trial court in compliance with Civ.R. 56.
Admittedly, appellant made a technical mistake by failing to properly authenticate these records or identify them as Sears' answers to interrogatories and file them with the trial court. However, we find that this technical mistake, under these particular circumstances, did not authorize the trial court to ignore the maintenance records. The maintenance records are the heart of appellant's case. These records show that the escalator leaked before appellant's fall and that, even after appellant's accident with injuries, Sears failed to eliminate the leak, jeopardizing the safety of other customers.
"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try." Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358, quoting Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1, 2. Summary judgment must be granted cautiously with any doubts resolved in favor of the nonmoving party. Murphy at 359. To strike down a cause of action that appears to have merit based on appellant's counsel's failure to strictly adhere to a technicality of the civil rules is not proper use of summary judgment. The first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED, TO THE DETRIMENT OF THE APPELLANT, IN ENTERING A SUMMARY JUDGMENT AGAINST APPELLANT AS A GENUINE ISSUE OF MATERIAL FACT EXISTED.
In her second assignment of error, appellant argues that it was error for the trial court to grant summary judgment because there was a genuine issue of material fact. As discussed above, the trial court did not examine all of the evidence necessary to determine whether a genuine issue of material fact existed. Based on our resolution of the first assignment of error, this assignment of error is moot.
The case is reversed and remanded. The trial court is ordered to consider the maintenance records and revisit the merits of the motion for summary judgment.
 ______________________ VALEN, J.
YOUNG, P.J., and WALSH, J., concur.
[1] This court sua sponte removes this appeal from the accelerated calendar.