OPINION
{¶ 1} Defendant-appellant William Bovett appeals his January 11, 2002, conviction and sentence in the Licking County Municipal Court on one court of under age consumption of beer, in violation of R.C. 4301.632.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 23, 2001, defendant-appellant William Bovett [hereinafter appellant] was charged with the underage consumption of beer, a violation of R.C. 4301.632. The charges arose from a party appellant attended in Licking County, Ohio, on July 26, 2001. Licking County Sheriff's Detectives were sent to the location of the party to investigate injuries suffered by another party attendee when a beer keg exploded. Upon arriving at the scene of the party, the detectives saw alcohol and beer bottles and the remnants of the exploded keg. Upon further investigation, appellant admitted that he had attended the party and consumed beer.
 {¶ 3} On January 3, 2002, appellant filed a Motion in Limine, arguing that the State would be unable to establish the corpus delicti required for admission of appellant's out-of-court confession, and a Motion to Dismiss, arguing that the State would be unable to establish each element of the charged offense and proper venue. By Judgment Entry filed January 11, 2002, the trial court overruled appellant's motions. The matter was tried to the court on January 11, 2002. The trial court found appellant guilty and imposed a fine of $100.00 plus court costs.
 {¶ 4} It is from the January 11, 2002, conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION IN LIMINIE AND PERMITTING THE PROSECUTING ATTORNEY TO PRESENT EVIDENCE OF AN OUT-OF-COURT CONFESSION IN THE ABSENCE OF A CORPUS DELICTI.
 {¶ 6} "II. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY OVERRULING APPELLANT'S CRIM. R. 29 MOTION FOR JUDGMENT OF ACQUITTAL, AS THE PROSECUTION FAILED TO OFFER SUFFICIENT EVIDENCE AS A MATTER OF LAW.
 {¶ 7} "III. THE TRIAL COURT ERRED AND THEREBY DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING APPELLANT GUILTY, AS THE VERDICT FOR THE CHARGE OF UNDERAGE CONSUMPTION OF BEER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 8} In the first assignment of error, appellant argues that the trial court erred in overruling appellant's motion in limine and permitting the State to present evidence of appellant's out-of-court confession, without a showing of corpus delecti.
 {¶ 9} Appellant appeals the trial court's overruling of his motion in limine. Appellant failed to raise an objection to the admission of the confession at trial. Thus, appellant has failed to properly preserve this issue for appeal. See State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523, at paragraph three of the syllabus; State v. Grubb
(1986), 28 Ohio St.3d 199, 503 N.E.2d 142, at paragraph two of the syllabus. Therefore, the standard of review is plain error. State v.Howard, 146 Ohio App.3d 335, 343, 2001-Ohio-1379, 766 N.E.2d 179; See Crim.R. 52.
 {¶ 10} An alleged error "does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Stojetz, 84 Ohio St.3d 452, 455,1999-Ohio-464, 705 N.E.2d 329; State v. Campbell, 90 Ohio St.3d 320,342, 2000-Ohio-183, 738 N.E.2d 1178. Furthermore, the Ohio Supreme Court has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990), 53 Ohio St.3d 107,111, 559 N.E.2d 710. It is based on this standard of error that we review appellant's assignment of error.
 {¶ 11} "It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible * * *."State v. Miranda (1916), 94 Ohio St. 364, 114 N.E. 1038, syllabus. "By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements: (1) the act; (2) the criminal agency of the act." Id.
 {¶ 12} In order to make a defendant's confession admissible, the state need only produce some evidence of the material elements of the crime in question. State v. Edwards (1976), 49 Ohio St.2d 31, 35,358 N.E.2d 1051, overruled on other grounds, 438 U.S. 911,98 S.Ct. 3147, 57 L.Ed.2d 1155. The extent of the State's burden is quite minimal. "[O]nly a modicum of evidence is necessary before a confession will be deemed admissible" in the context of the corpus delicti rule.State v. Twyford (Sept. 25, 1998), Jefferson App. No. 93-J-13. The Ohio Supreme Court provided further guidance in regards to the standard of proof when it stated that the prosecution need only adduce some proof tending to prove the act and its agency, but not necessarily such evidence as would equate to proof beyond a reasonable doubt or even that amount of proof necessary to make a prima facie case. State v. Van Hook
(1988), 39 Ohio St.3d 256, 260-261, 530 N.E.2d 883. Furthermore, the evidence need only relate to some material element of the crime charged rather than to each element of the offense. State v. Black (1978),54 Ohio St.2d 304, 307, 376 N.E.2d 948. As to the nature of the evidence provided, it need not be direct and positive but may be circumstantial.State v. Nicely (1988), 39 Ohio St.3d 147, 152, 529 N.E.2d 1236.
 {¶ 13} Lastly, the Ohio Supreme Court has expressed its doubt as to the practicality of the rule in today's legal environment. State v.Smith (Dec. 13, 1999), Jefferson App. No. 97 JE 25, 1999 WL 1243309. "Considering the revolution in criminal law of the 1960's and the vast number of procedural safeguards protecting the due-process rights of criminal defendants, the corpus delicti rule is supported by few practical or social-policy considerations. This court sees little reason to apply the rule with a dogmatic vengeance." Black, supra at 307 (citingState v. Edwards (1976), 49 Ohio St.2d 31, 35-36, 358 N.E.2d 1051).
 {¶ 14} In this case, we find that the State provided sufficient evidence. Detective David Starling testified for the State. The Detective testified as follows. Licking County Sheriff's Department Detectives were dispatched to 8394 Reform Road, in Licking County, to investigate a possible beer keg explosion. Upon arriving at the location, the Detectives found evidence of a campfire, beer cans, empty alcohol bottles and the remains of a beer keg. The Detectives went to the farmhouse associated with the site and met with appellant. The Detectives asked appellant if he knew what happened to the keg. Appellant told the Detectives that he had been to the party. Detective Starling asked appellant if he had been drinking. Appellant admitted that he had consumed one beer while at the party.
 {¶ 15} We find that the State presented sufficient evidence. Detective Starling testified that he found the remnants of a party at which alcohol was consumed, i.e. beer and alcohol bottles and an exploded beer keg. Appellant was found at the farm house associated with the site. Therefore, we find that appellant's confession was admissible and, therefore, no plain error was committed by the trial court.
 {¶ 16} Appellant's first assignment of error is overruled.
 II III {¶ 17} In the second assignment of error, appellant argues that the trial court erred when it overruled appellant's Crim.R. 29 motion for acquittal since the evidence was insufficient to support his conviction. In the third assignment of error, appellant claims that the conviction was against the manifest weight of the evidence. We shall consider these assignments of error together.
 {¶ 18} In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: "* * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v. Thompkins 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175. It is based upon this standard that we review appellant's second and third assignments of error.
 {¶ 19} Specifically, appellant claims that the State failed to present sufficient evidence of venue and consumption of beer. We disagree.
 {¶ 20} Appellant was charged with underage consumption of beer, in violation of R.C. 4301.632. Revised Code 4301.632 states that "[e]xcept as otherwise provided in this chapter, no person under the age of twenty-one years shall . . . consume any beer . . . either from a sealed or unsealed container or by the glass or by the drink, or possess any beer or intoxicating liquor, in any public or private place."
 {¶ 21} Venue is a necessary element to establish the jurisdiction of the trial court. Revised Code 2901.12 governs venue. Subsection (A) states as follows: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). In reviewing this issue, we are permitted to look at the entire record of the trial. State v. Gribble (1970),24 Ohio St.2d 85, 90, 263 N.E.2d 904; State v. Hatchett (Oct. 15, 2001), Licking App. No. 01CA58, 2001 WL 1251651.
 {¶ 22} Detective Starling testified that he was investigating a beer keg that exploded at a site within Licking County, Ohio, specifically at 8394 Reform Road. The Detectives went to the location and found the remnants of a party, including empty beer and alcohol bottles and the remains of the exploded beer keg. The Detectives then went to the farmhouse associated with the site and found appellant. Detective Starling testified as follows regarding his conversation with appellant:
 {¶ 23} "A. I was trying to gather information to find out how the keg exploded. . . . At that point we asked Mr. Bovett, along with Adam Sands was also present in the house, about the, what had happened to the keg. . . . That's when Mr. Bovett, I had asked him what he knew about the, being there. He told me that he rode out, I'd have to look at my report. He came out with someone during the night. He, uh — . . . . .
 {¶ 24} "A. He said that, I asked him if they had been drinking. And he admitted that he did have one beer. . . .
 {¶ 25} "Q. In what context did you ask Mr. Bovett if he had consumed any beer?
 {¶ 26} "A. I asked him if he'd had anything to drink, if he was drinking any beer, I believe. . . .
 {¶ 27} "Q. Did you ask him when? . . .
 {¶ 28} "A. To the best of my memory I asked him did he have anything to drink that night during the party, while he as at the party. . . .
 {¶ 29} "Q. When you were having this discussion with Mr. Bovett did you ask him about events that took place at any other time than the evening of July 26th, 27th, 2001 [the night the keg exploded]?
 {¶ 30} "A. As far as what they, what was going on that night? I, I'm —
 {¶ 31} "Q. As far as anything. Did you ask him about any other days at all?
 {¶ 32} "A. Not to my recollection I didn't. . . ." Transcript of Proceedings, pages 8-10.
 {¶ 33} In reviewing the evidence in a light most favorable to the prosecution, we find that Detective Starling asked appellant if he had attended the party at 8394 Reform Road and if he had anything to drink during the party. Appellant admitted that he went to the party and had one beer. Further, the final element was met when Detective Starling testified that in giving a voluntary statement to the Detective, appellant indicated that he was nineteen years of age.
 {¶ 34} We find that there was sufficient evidence that appellant, while under the age of 21, consumed beer at a party at 8394 Reform Road, in Licking County, Ohio. Further, we find that the trial court did not lose its way or create a manifest miscarriage of justice.
 {¶ 35} Appellant's second and third assignments of error are overruled.
 {¶ 36} The judgment of the Licking County Municipal Court is affirmed.
By Edwards, J., Gwin, P.J. and Farmer, J. concurs
Topic: Underage Consumption/Due Process