OPINION
{¶ 1} The defendant-appellant, Roman Szewczyk, appeals the December 9, 2002 judgment of the Municipal Court of Tiffin, Seneca County, Ohio, finding him guilty of driving on a closed road.
 {¶ 2} The record before this Court reveals the following facts. On October 3, 2002, the defendant was driving a semi-truck in New Riegle, Ohio, when he was stopped by Patrolman Kit Spanfeller of the New Riegle Police Department. Patrolman Spanfeller initiated the stop because the defendant's truck matched the description of one being sought by another law enforcement officer. Shortly after the patrolman stopped Defendant, Deputy Larry Mackling, Jr., of the Seneca County Sheriff's Office arrived and spoke with the defendant. Deputy Mackling informed the defendant that a report had been received that a person driving a truck similar to the defendant's had struck a road closed sign on St. Rt. 53 north of Township Road 92 and was last seen heading southbound. The defendant then stated that he backed into this road closed sign while turning around where the road was closed. Deputy Mackling then issued him a citation for driving on a closed road in violation of R.C. 4511.71.
 {¶ 3} The defendant pled not guilty to this charge, and a bench trial was later held on December 9, 2002. Both Deputy Mackling and Patrolman Spanfeller testified at the trial as to their observations and actions on October 3, 2002. The State then rested, and the defendant made a motion for acquittal pursuant to Crim.R. 29. The trial court denied this motion. The defendant elected not to introduce any evidence, testimonial or otherwise, and the court found him guilty of the charged offense. The court then fined the defendant $35 plus court costs. This appeal followed, and the defendant now asserts one assignment of error.
 AS A MATTER OF LAW, THE TRIAL JUDGE COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT-APPELLANT BY DENYING HIS MOTION FOR JUDGMENT OF ACQUITTAL AT THE CONCLUSION OF THE STATE'S CASE, AND AFTER THE DEFENDANT RESTED WITHOUT OFFERING TESTIMONY NOR EVIDENCE, SINCE THE STATE'S CASE WAS BASED SOLELY ON HEARSAY AND THE STATE FAILED TO ESTABLISH A CORPUS DELICTI.
 {¶ 4} Rule 29(A) of the Rules of Criminal Procedure states that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged * * * if the evidence is insufficient to sustain a conviction of such offense[.]" Accordingly, "a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt." State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus; see, also, State v. Boddie, Allen App. No. 1-2000-72,2001-Ohio-2261, 2001 WL 1023107. However, as this Court has previously held, the Bridgeman standard "must be viewed in light of the sufficiency of evidence test[.]" State v. Foster (Sept. 17, 1997), Seneca App. No. 13-97-09, 1997 WL 576353 (citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus). In Jenks, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra.
 {¶ 5} In the case sub judice, the defendant was charged with violating R.C. 4511.71. This section states:
 No person shall drive upon, along, or across a street or highway, or any part thereof, which has been closed in the process of its construction, reconstruction, or repair, and posted with appropriate signs by the authority having jurisdiction to close such highway.
 The only evidence admitted during trial that established that the defendant was the person that hit the road closed sign was his admission to Deputy Mackling after he was stopped. The State did not present the testimony of either the witness who saw the damage take place or the officer that actually observed that the sign was damaged. Rather, Deputy Mackling testified that the dispatcher informed him that someone placed a call to law enforcement and stated that he had witnessed a semi-truck hit a road closed sign on St. Rt. 53 near Township Rd. 92. The caller then provided a description of the truck and stated that it was last seen traveling southbound on St. Rt. 53. Deputy Mackling further testified that the deputy with whom he was working that night advised him that there was damage to the road closed sign.
 {¶ 6} Defendant argues that the State failed to prove the corpus delicti of the crime before Defendant's confession was admitted into evidence. The corpus delicti of a crime is essentially the fact of the crime itself. It consists of two elements: (1) the act and (2) the criminal agency of the act. State v. Van Hook (1988), 39 Ohio St.3d 256,261; State v. Maranda (1916), 94 Ohio St. 364, paragraph one of the syllabus. To admit an alleged confession, there must be "some evidence outside of the confession that tends to prove some material element of the crime charged[,]" i.e. the corpus delicti. Maranda, 94 Ohio St. at paragraph two of the syllabus. In other words, "[a] mere confession without corroboration by the presentation of other evidence outside the confession which tends to prove some material element of the crime charged is not admissible." State v. Eames (Mar. 7, 1994), 3rd Dist. No. 14-93-3, 1994 WL 66643, citing State v. Black (1978), 54 Ohio St.2d 304. However, this independent evidence need not equal proof beyond a reasonable doubt. Maranda, supra; see, also, Black, 54 Ohio St.2d at syllabus.
 {¶ 7} Although the corpus delicti rule is well established in Ohio, the practicality of the rule has come into question in light of the modern procedural safeguards afforded to criminal defendants. See, VanHook, 39 Ohio St.3d at 261. As such, courts do not apply the rule with "dogmatic vengeance." Id. at 261. The burden on the state to produce "some evidence" of the corpus delicti is minimal. Id. Direct and positive proof that a crime was committed is not required; circumstantial evidence may be relied upon. State v. Nobles (1995), 106 Ohio App.3d 246, 262, citing Maranda, 94 Ohio St. at 371. However, "there must be some proof * * * tending to prove the fact that a crime was committed." Maranda,94 Ohio St. at 371.
 {¶ 8} In the case sub judice, there was no admissible proof, direct or circumstantial, that a crime was committed other than the defendant's confession. The State maintains that it presented evidence that the road was posted with appropriate signs by the authority having jurisdiction to close the road and that there was circumstantial evidence that the defendant was driving, all of which are material elements of the crime. However, the existence of these facts is not sufficient proof that a crime was committed as they do not tend to prove either an act or the criminal agency thereof. Rather, the act and criminal agency thereof is driving on a closed road, not the existence of a closed road and someone driving in the same township in which the closed road is located.
 {¶ 9} The only evidence, aside from the extrajudicial confession, that tended to prove that the defendant committed a crime was inadmissible hearsay as neither the eyewitness nor the deputy that saw the damage to the sign testified. Thus, the evidence presented by the State in an effort to establish the defendant's guilt was no more than that which could be used against any other driver in New Riegle or the surrounding area on October 3, 2002, as there was no admissible evidence tending to show that anyone was driving on a closed road on that night. As such, the State failed to prove corpus delicti, and the defendant's confession was inadmissible. Without this confession, no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Therefore, the assignment of error is sustained.
 {¶ 10} For these reasons, the judgment of the Tiffin Municipal Court is reversed and the cause remanded to that court for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
WALTERS and CUPP, JJ., concur.