OPINION
¶ 1 Appellant appeals his conviction and sentence entered on March 2, 2005, following a jury trial, in the Stark County Court of Common Pleas on one count of tampering with evidence.
¶ 2 Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE ¶ 3 On September 6, 2004, Canton City Police officers John Bosley and Sean Overdorf were on patrol in the vicinity of 7th Street and Clover Court, N.W. in the City of Canton, Stark County, when they observed Appellant leaving a well-known drug house. (T. at 95). The officers approached Appellant in their police cruiser and asked him to stop. At that time, Appellant pulled a glass tube from his right pants pocket and threw it to the ground, causing it to shatter. (T. at 98-99). According to the officers, Appellant made a comment something to the effect of "you caught me with a crack pipe." (T. at 127). The officers, having decided to place Appellant under arrest for possession of a crack pipe, asked him to place his hands on the police cruiser. Officer Bosley performed a pat-down search which resulted in him finding two lumps in the change pocket of Appellant's jeans. These "lumps" were two off-white rocks wrapped in pieces of plastic which Officer suspected was crack cocaine. (T. at 102). Officer Bosley tossed the suspected crack cocaine onto the trunk of the police cruiser and ordered Appellant to place his hands behind his back. While Officer Bosley was getting his handcuffs out, Appellant took a "nosedive" onto the trunk of the cruiser on top of the suspected crack cocaine. The officers then tackled Appellant, resulting in the three of them rolling to the ground. Appellant was finally handcuffed and placed in the back of the cruiser while the officers searched for the suspected rock of crack cocaine. (T. at 106). Appellant told the officers that he did not swallow the crack cocaine, but that he "threw it" instead. (T. at 107, 135). The Officers radioed for back up and five police officers searched the area for approximately thirty minutes but the suspected drugs were never found. (T. at 108).
¶ 4 Appellant was arrested and charged with tampering with evidence, possession of drugs, criminal damaging and resisting arrest.
¶ 5 Appellant Mark Anthony Marshall was indicted on one count of tampering with evidence, in violation of R.C. § 2921.12, a felony of the third degree.
¶ 6 On November 24, 2004, Appellant was arraigned and a entered a plea of not guilty.
¶ 7 On January 13, 2005, Appellant filed a motion to suppress any evidence and statements made at the time of his arrest. The trial court overruled said motion as being untimely filed pursuant to Crim.R. 12(D).
¶ 8 On January 18, 2005, this matter proceeded to jury trial. The State presented two Canton City Police Officers as witnesses. Appellant presented no defense. The jury returned a verdict of guilty as charged in the indictment.
¶ 9 The trial court ordered a pre-sentence investigation.
¶ 10 On March 2, 2005, the trial court sentenced appellant to two (2) years incarceration.
¶ 11 Appellant now appeals, assigning the following as error:
 ASSIGNMENT OF ERROR ¶ 12 "I. THE STATE OF OHIO FAILED TO ESTABLISH THE CORPUS DELICTI OF THE CRIME OF TAMPERING WITH EVIDENCE, THEREFORE THE TRIAL COURT COMMITTED PLAIN ERROR IN ADMITTING ANY STATEMENTS OF APPELLANTS [SIC].
¶ 13 "II. THE VERDICT OF THE TRIAL COURT CONVICTING APPELLANT OF TAMPERING WITH EVIDENCE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE.
¶ 14 "III. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT HIS TRIAL IN VIOLATION OF THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 I. ¶ 15 In the first assignment of error, Appellant argues that the trial court erred in admitting any statements he made at the time of his arrest because the State failed to prove the "corpus delicti" of the crime. We disagree.
¶ 16 Appellant failed to raise an objection to the admission of such statements, which he is characterizing as a confession, at trial. Thus, appellant has failed to properly preserve this issue for appeal. See State v. Brown (1988), 38 Ohio St.3d 305,528 N.E.2d 523, at paragraph three of the syllabus; State v.Grubb (1986), 28 Ohio St.3d 199, 503 N.E.2d 142, at paragraph two of the syllabus. Therefore, the standard of review is plain error. State v. Howard, 146 Ohio App.3d 335, 343,2001 Ohio 1379, 766 N.E.2d 179; See Crim. R. 52.
¶ 17 An alleged error "does not constitute a plain error * * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v.Stojetz, 84 Ohio St.3d 452, 455, 1999-Ohio-464, 705 N.E.2d 329;State v. Campbell, 90 Ohio St.3d 320, 342, 2000-Ohio-183,738 N.E.2d 1178. Furthermore, the Ohio Supreme Court has stated that Crim.R. 52(B) is to be invoked "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Landrum (1990),53 Ohio St.3d 107, 111, 559 N.E.2d 710. It is based on this standard of error that we review appellant's assignment of error.
¶ 18 "It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible * * *." State v. Miranda (1916), 94 Ohio St. 364,114 N.E. 1038, syllabus. "By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements: (1) the act; (2) the criminal agency of the act." Id.
¶ 19 In order to make a defendant's confession admissible, the State need only produce some evidence of the material elements of the crime in question. State v. Edwards (1976),49 Ohio St.2d 31, 35, 358 N.E.2d 1051, overruled on other grounds,438 U.S. 911, 98 S.Ct. 3147, 57 L.Ed.2d 1155. The extent of the State's burden is quite minimal. "[O]nly a modicum of evidence is necessary before a confession will be deemed admissible" in the context of the corpus delicti rule. State v. Twyford (Sept. 25, 1998), Jefferson App. No. 93-J-13. The Ohio Supreme Court provided further guidance in regards to the standard of proof when it stated that the prosecution need only adduce some proof tending to prove the act and its agency, but not necessarily such evidence as would equate to proof beyond a reasonable doubt or even that amount of proof necessary to make a prima facie case.State v. Van Hook (1988), 39 Ohio St.3d 256, 260-261,530 N.E.2d 883. Furthermore, the evidence need only relate to some material element of the crime charged rather than to each element of the offense. State v. Black (1978), 54 Ohio St.2d 304, 307,376 N.E.2d 948. As to the nature of the evidence provided, it need not be direct and positive but may be circumstantial. Statev. Nicely (1988), 39 Ohio St.3d 147, 152, 529 N.E.2d 1236.
¶ 20 Lastly, the Ohio Supreme Court has expressed its doubt as to the practicality of the rule in today's legal environment.State v. Smith (Dec. 13, 1999), Jefferson App. No. 97 JE 25, 1999 WL 1243309. "Considering the revolution in criminal law of the 1960's and the vast number of procedural safeguards protecting the due-process rights of criminal defendants, the corpus delicti rule is supported by few practical or social-policy considerations. This court sees little reason to apply the rule with a dogmatic vengeance." Black, supra at 307,376 N.E.2d 948 (citing State v. Edwards (1976),49 Ohio St.2d 31, 35-36, 358 N.E.2d 1051).
¶ 21 In this case, we find that the State provided sufficient evidence that Appellant tampered with evidence. Officers Bosley and Overdorf testified at the trial. As stated above, the officers testified that they found two rocks of a suspicious nature in Appellant's pocket after he was seen leaving a known drug house. They further testified that Appellant threw himself on top of this evidence. Appellant admitted that he threw the evidence, while denying that he consumed it. (T. at 134-135).
¶ 22 We find that the State presented sufficient evidence based on the officers' testimony that Appellant tampered with evidence. We find that appellant's confession was admissible and, therefore, no plain error was committed by the trial court.
¶ 23 Appellant's first assignment of error is overruled.
 II. ¶ 24 In his second assignment of error, Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence.
¶ 25 Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt,State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492,503.
¶ 26 The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
¶ 27 Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins
(1997), 78 Ohio St.3d 387, citations deleted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment."State v. Thompkins, 78 Ohio St.3d 380, 387, 678 N.E.2d 541,1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
¶ 28 Appellant was charged with tampering with evidence, in violation of R.C. 2921.12(A)(1), which states in pertinent part:
¶ 29 "R.C. 2921.12 Tampering with Evidence
 ¶ 30 "(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
¶ 31 "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation;
¶ 32 The jury heard testimony from both officers that the evidence was found in Appellant's pants pocket incident to a pat down search, that Appellant threw himself on top of the evidence where it had been placed on the trunk of the police cruiser, that such evidence could not be located after the struggle which ensued, and that when asked if he ate the evidence, Appellant stated that he did not eat it but that he "threw it".
¶ 33 Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant committed the crime of tampering with evidence. We hold, therefore, that the state met its burden of production regarding each element of the crime and, accordingly, there was sufficient evidence to support appellant's conviction.
¶ 34 We conclude the jury, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant committed the crime of tampering with evidence.
¶ 35 Accordingly, appellant's conviction for tampering with evidence is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 III. ¶ 36 In his third and final assignment of error, Appellant claims that he was denied his right to effective assistance of counsel. We disagree.
¶ 37 A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. Id.
¶ 38 In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citing Lockhartv. Fretwell (1993), 506 U.S. 364, 370, 113 S.Ct. 838,122 L.Ed.2d 180.
¶ 39 The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, 538 N.E.2d 373, quotingStrickland at 697.
¶ 40 The focus of appellant's claim of ineffective assistance is the failure of his defense attorney to file a timely motion to suppress.
¶ 41 Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. State v. Butcher, Holmes App. No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing State v. Robinson
(1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.
¶ 42 Appellant argues, as a basis for a motion to suppress, that the officers did not have reasonable suspicion to stop and detain him, and further, that the search went beyond permissible constitutional grounds.
¶ 43 To justify an investigatory detention, a law enforcement officer must "demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity." State v. Correa (1995), 108 Ohio App.3d 362,366, 670 N.E.2d 1035. See also, Terry v. Ohio (1968),392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 When determining whether or not an investigative stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v.Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus.
¶ 44 Under the circumstances of this case as set forth previously in this opinion, there was reasonable suspicion of criminal drug activity, and we are unpersuaded that trial counsel's decision not to pursue a suppression motion as to the initial stop and detention stop fell below an objective standard of reasonable representation.
¶ 45 With regard to the pat down search, this was not a Terry pat-down search. Instead, this was a search incident to arrest, which is a valid exception to the warrant requirement. See Statev. Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 51, certiorari denied 474 U.S. 1058.
¶ 46 We conclude appellant was not prejudiced by defense counsel's failure to file a motion to suppress the fruits of the stop and the pat-down search.
¶ 47 Appellant's third assignment of error is overruled.
¶ 48 This cause is affirmed.
Boggins, P.J. Wise, J. concur.
Hoffman, J. concurs separately.