[Cite as *State v. Dotson*, 2013-Ohio-2200.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98884**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DALE DOTSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND VACATED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-559032

**BEFORE:**   Kilbane, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   May 30, 2013

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
James M. Price
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Dale Dotson ("Dotson"), appeals from his conviction for criminal damaging. We find insufficient evidence to support his conviction, and therefore, we reverse the judgment of the trial court and vacate Dotson's conviction.

**{¶2}** On February 3, 2012, Dotson was indicted on two counts of felonious assault and one count of criminal damaging with a furthermore clause alleging that he created a risk of physical harm to a person following an alleged altercation with Scott Jankowski ("Jankowski"), the father of his former girlfriend, on December 11, 2011. Dotson waived his right to a jury trial, and the matter proceeded to a bench trial on July 18, 2012.

**{¶3}** For its key evidence, the state presented the testimony of Jankowski, Kristin Jankowski ("Kristin"), and Cleveland Police Detective Keith Haven ("Detective Haven"). Jankowski testified that Dotson is the former boyfriend of his daughter, Kristin, and not welcome at their home. However, on December 11, 2011, he called and said that he was coming over. A short time later, Jankowski's son ran inside the house and said that Dotson was there. At the time Dotson arrived, a bag of items intended for Goodwill was at the side door of the house. Dotson demanded to speak with Kristin, but Jankowski instructed her to call the police. Jankowski then told Dotson that he was not welcome at their home and that the police were on their way. Dotson left, but he returned a short

time later with another individual and proceeded to bang on the door. According to Jankowski, Dotson had a knife in his hand and sliced Jankowski across the finger. Jankowski told Dotson that he was in trouble and closed the door. A few moments later, the living room window shattered, scattering glass inside the house. Jankowski did not see who had broken the window, but he testified that he observed Dotson and the other individual fleeing down the driveway.

{¶4} Kristin testified that Dotson came to the house to see her and to get his things. Her father told her to call the police. She called the police, reporting that her father had chased Dotson away. A short time later, someone broke a window. Kristin did not see what happened, but she stated that Dotson was present when the window shattered. Dotson then fled to a car belonging to Morace Williams ("Williams"). Kristin further testified that she observed her father sustain a cut to his finger while he was slashing one of the tires of Williams's car.

{¶5} Detective Haven testified that Dotson made an oral statement regarding the incident. In this statement, he identified Kristin as his former girlfriend and indicated that he had resided at her home. Shortly before the incident, he was playing basketball with his friends, Williams and Thomas Bernardi ("Bernardi"). Dotson called Kristin and a man answered her phone so defendant decided to go to her house to get his belongings. When the group arrived at Kristin's, Dotson noticed a box of some of his things outside, so he asked for the rest of his things. At this point, according to Dotson's statement, his friends took the box to the car, and Jankowski came to the door with a knife, slashing it

toward Dotson's left arm.  The group left, but Williams told Dotson that he should get the rest of his things.   When Dotson and Williams walked back toward the house, Dotson heard the window shatter, and Jankowski and another individual charged at them.   They fled back to the car, but before they could leave, Jankowski punctured one of the tires.  The group then sped away.   Dotson told the officer that he did not break the window and did not cut Jankowski's finger.

{¶6}   Dotson elected to present evidence.   The testimony of  Bernardi and Williams established that Dotson asked them to go with him to his girlfriend's home in Cleveland so that he could pick up his belongings.   They left in a car belonging to Williams.   When they arrived at Jankowski's house, they observed a box of Dotson's things at the side door.   Dotson observed that the box had old items and did not contain any of his newer possessions.   Williams testified that he put the box in the trunk of the car.   He observed Jankowski running out of his house with a knife, swinging at Dotson three or four times.

{¶7} The trio left, but according to Bernardi and Williams, Dotson again called the Jankowski home asking for his belongings.   The group returned to the Jankowski home, and Dotson and Williams went to the door and asked Jankowski for Dotson's belongings.  At that point, according to these witnesses, there was a loud crashing sound and Jankowski and another individual, who were both wielding knives, chased Dotson and Williams from the house.   Dotson and Williams fled to the car and locked the doors.

Jankowski pursed them and slashed one of the tires of Williams's car. The group then sped away. Bernardi and Williams further testified that Dotson did not have a knife.

**{¶8}** The trial court subsequently acquitted Dotson of the felonious assault charges and the furthermore clause in the criminal damaging charge, but convicted him of criminal damaging. On August 8, 2012, the court sentenced Dotson to time served and ordered that he pay $300 in restitution. Dotson now appeals and assigns two errors for our review.

Assignment of Error One

The state failed to present sufficient evidence to sustain a conviction against

Appellant.

**{¶9}** When an appellate court reviews a claim of insufficient evidence, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Leonard,* 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77.

**{¶10}** The elements of criminal damaging are set forth in R.C. 2909.06, which provides as follows:

> (A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
>
> (1) Knowingly, by any means[.]

**{¶11}** In this matter, the state presented eyewitness testimony from Jankowski and his daughter Kristin. Neither of these witnesses observed who broke the window at the

home. Jankowski testified that after Dotson arrived at his house, he told Dotson that he was in trouble. Jankowski then closed the door, and a few moments later the living room window shattered. Dotson and Williams fled. Kristin likewise testified that she did not see who had broken the window. She stated that Dotson was present when the window was broken and that he and Williams then fled. The trial court acknowledged that the state's evidence did not identify the individual who was responsible for criminal damaging. The court stated:

> The court — we don't know who broke the window — but we do know that Mr. Dotson's going over there a second time, I think, was inappropriate for him to do that.

**{¶12}** The court next considered whether Dotson was guilty of criminal damaging "by virtue of the fact that his friends were aiding and abetting him[.]" Complicity liability was explained in *State v. Johnson*, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796, as follows:

> This court has held that "the mere presence of an accused at the scene of a crime is not sufficient to prove, in and of itself, that the accused was an aider and abettor." *State v. Widner* (1982), 69 Ohio St.2d 267, 269, 23 Ohio Op. 3d 265, 266, 431 N.E.2d 1025, 1027. This rule is to protect innocent bystanders who have no connection to the crime other than simply being present at the time of its commission.

> * * * [In] *State v. Sims* (1983), 10 Ohio App.3d 56, 10 Ohio B.Rep. 65, 460 N.E.2d 672, paragraph two of the syllabus * * * [the court] held that "[a] person cannot be convicted of aiding and abetting a principal offender in the commission of an offense in the absence of evidence that the person assisted, incited or encouraged the principal to commit the offense."

*Johnson* at paragraph three of the syllabus.

{¶13} In this matter, viewing the evidence in a light most favorable to the prosecution, the state's evidence established merely that Dotson was present when the window shattered. The state presented no evidence that he broke the window, and there was no evidence that he assisted, incited or encouraged a principal offender to commit the offense. Accordingly, we are compelled to conclude that there is insufficient evidence to support his conviction for criminal damaging.

{¶14} The first assignment of error is well taken.

## Assignment of Error Two

Appellant's conviction is against the manifest weight of the evidence.

{¶15} In light of our disposition of Dotson's first assignment of error, we overrule this assignment of error as moot. *See* App.R. 12(A)(1)(c).

{¶16} Judgment reversed and conviction vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and

PATRICIA A. BLACKMON, J., CONCUR