[Cite as *State v. Thomas*, 2022-Ohio-2218.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210519 |
| | | TRIAL NO. C-21CRB-1708 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | : | |
| | : | |
| GREGG THOMAS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 29, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender*,* and *Sarah E. Nelson,* Assistant Public Defender*,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} If an incensed employee is spotted alone next to the manager's damaged car, but no one saw him actually inflict the damage, is it reasonable for the trial court to find the employee guilty of criminal damaging? On appeal, the defendant here contends that the scant evidence available in this case, most of which is circumstantial, mandates reversal of his conviction. We see things differently, however, and affirm the judgment of the trial court for the reasons explained below.

I.

{¶2} In January 2021, defendant-appellant Gregg Thomas worked at the KFC/Taco Bell in Norwood. During one of his shifts, some type of disagreement erupted between Mr. Thomas and the manager, Ruth Whetstone. Frustrated by his behavior, Ms. Whetstone sent Mr. Thomas home and assumed that he left the premises. But about a half hour later, other employees alerted her to the fact that he was lingering in the parking lot near her car. Prying open the door, Ms. Whetstone observed Mr. Thomas "ranting and raging" outside the restaurant while "destroying" her car, which now had a conspicuous pile of trash dumped on its roof. She confronted Mr. Thomas about the scene and claims that he admitted, "Yeah, I did it"—although it remains unclear whether he was simply acknowledging littering on her car or actually inflicting damage to it (that she would soon notice). Ms. Whetstone then called the Norwood police, who escorted Mr. Thomas off the property. Afterwards, Ms. Whetstone inspected her car only to discover the bumper kicked in and a windshield wiper bent backwards.

{¶3} The Norwood police charged Mr. Thomas with criminal damaging pursuant to R.C. 2909.06(A)(1). Ms. Whetstone was the only witness during the bench

trial, and in addition to her testimony, the state produced a photograph of Mr. Thomas standing near Ms. Whetstone's car with what appears to be a pile of trash on the roof. No other damage to Ms. Whetstone's vehicle is visible in the photograph. The trial court found Mr. Thomas guilty of criminal damaging and sentenced him to 30 days in jail suspended, six months of probation, and court costs.

{¶4} Mr. Thomas now appeals, presenting three assignments of error. In his first assignment of error, Mr. Thomas maintains that the state failed to present sufficient evidence to sustain a conviction for criminal damaging. His second assignment of error claims that the trial court erred by considering his alleged confession before the state established the corpus delicti of the crime. And in his third assignment of error, Mr. Thomas argues that his conviction was against the manifest weight of the evidence.

## II.

{¶5} For ease of discussion, we address Mr. Thomas' first and third assignments of error together, both of which take aim at the state's evidence (or lack thereof). Turning first to Mr. Thomas' sufficiency challenge, "the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *State v. Dent*, 163 Ohio St.3d 390, 2020-Ohio-6670, 170 N.E.3d 816, ¶ 15. Sufficiency determinations are reviewed de novo but "the court is not to weigh the evidence." *State v. MacDonald*, 1st Dist. Hamilton No. C-180310, 2019-Ohio-3595, ¶ 12; *Dent* at ¶ 15 ("Our [sufficiency-of-the-evidence] review is de novo."). To obtain a conviction for criminal damaging, the state must prove that Mr. Thomas knowingly caused or created a substantial risk of physical harm to Ms. Whetstone's

3

property. R.C. 2909.06(A)(1) ("No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent * * * [k]nowingly, by any means."). " 'Physical harm to property' means any tangible or intangible damage to property that, *in any degree*, results in loss to its value or interferes with its use or enjoyment." (Emphasis added.) R.C. 2901.01(A)(4). Since the defense does not dispute that the damage to the bumper or windshield wiper constitutes "physical harm to property," Mr. Thomas' argument boils down to whether the evidence sufficed to show that *he* inflicted the harm.

{¶6}  According to Mr. Thomas, the only evidence marshaled by the state was a photo showing trash on the roof of Ms. Whetstone's car. Assuming he did confess to dumping the trash, Mr. Thomas decries the impropriety of using such an admission to infer that his criminal conduct extended to the bumper and windshield wiper damage.

{¶7}  The law does not require the state to produce direct evidence that Mr. Thomas committed each individual act of vandalism. The elements of a crime may be proven by circumstantial evidence. " 'Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subject to the same standard of proof.' " *State v. Lowery*, 160 Ohio App.3d 138, 2005-Ohio-1181, 826 N.E.2d 340, ¶ 19 (1st Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus. Less than an hour after being disciplined and sent home from work by Ms. Whetstone, Mr. Thomas was photographed standing alone in an agitated state next to her trash-riddled car on a dark, snowy night. No other cars or individuals appear in the vicinity. That suffices as circumstantial evidence from which the trial court could conclude that any confession on the part of

Mr. Thomas—"Yeah, I did it"—extended beyond the trash to the windshield wiper and bumper damage.

{¶8} Mr. Thomas also asserts that, assuming we excluded consideration of his confession, merely being near Ms. Whetstone's car is not proof that he damaged it. In this regard, Mr. Thomas features *State v. Dotson*, 8th Dist. Cuyahoga No. 98884, 2013-Ohio-2200. In *Dotson*, a jilted boyfriend showed up at his ex-girlfriend's house with another individual to collect some belongings left there. *Id.* at ¶ 4. The ex-girlfriend's father ordered Mr. Dotson and his friend to leave, after which the living room window shattered. *Id.* The trial court acknowledged that the state failed to identify who broke the window, and neither the ex-girlfriend nor her father witnessed Mr. Dotson commit the act. *Id.* at ¶ 3-4. The Eighth District reversed the criminal-damaging conviction because "the state's evidence established merely that Dotson was present when the window shattered." *Id.* at ¶ 13.

{¶9} Mr. Thomas's conviction is factually distinct from *Dotson* because he was the only party involved, and as far as the record discloses, the only person anywhere near the car. *Dotson* involved a "who-done-it" scenario where the state could not identify the culpable party between Mr. Dotson and his friend. Unlike a scenario with multiple individuals present who could have caused the damage, here, we have a solitary individual near the vehicle when it was damaged—who, coincidentally, was the same person Ms. Whetstone dismissed from work shortly before the damage occurred. "On a sufficiency challenge, we generally defer to the credibility determinations of the trial court so long as those determinations are reasonable." *State v. Cole-Walker*, 1st Dist. Hamilton No. C-200038, 2021-Ohio-1507, ¶ 13. Viewing the evidence in a light most favorable to the state, as we must in a

sufficiency challenge, we cannot say that no reasonable trier of fact could conclude that Mr. Thomas dumped the trash, dented the bumper, and bent the windshield wiper. Accordingly, Mr. Thomas' first assignment of error challenging the sufficiency of the evidence is overruled.

{¶10} Although we find sufficient evidence to support the conviction, we may nevertheless conclude that the judgment is against the manifest weight of the evidence. *State v. Patton*, 1st Dist. Hamilton No. C-190649, 2021-Ohio-295, ¶ 16. "[T]he sufficiency of the evidence is quantitatively and qualitatively different from the weight of the evidence." *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 23. Because we are sitting as a "thirteenth juror" when evaluating the manifest weight of the evidence, *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), we will "review the entire record, weigh the evidence and reasonable inferences, [and] consider the credibility of the witnesses." *State v. Barnthouse*, 1st Dist. Hamilton No. C-180286, 2019-Ohio-5209, ¶ 6. But we will only reverse and grant a new trial if "the trier of fact clearly lost its way, resulting in a manifest miscarriage of justice." *Id.*

{¶11} On his weight-of-the-evidence challenge, Mr. Thomas argues that his alleged confession of "Yeah, I did it," is too vague to be attributed to anything other than the trash pile on top of the vehicle. Mr. Thomas insists that the trash alone cannot support the "physical harm" element of criminal damaging, and certainly the trash did not cause damage to the bumper or the windshield wiper. But it is reasonable to infer that an employee who is angry enough to lash out by hanging around in freezing temperatures and dumping trash on a car would also be prompted to inflict damage on the bumper and bend the windshield wiper.

6

{¶12}  Finally, in his manifest-weight challenge, Mr. Thomas claims that Ms. Whetstone failed to testify about any specific damage caused by the trash.  In support, Mr. Thomas relies on *State v. Reams*, 3d Dist. Auglaize No. 2-04-28, 2005-Ohio-1085, in which the defendant admitted to kicking the license plate of a car but denied kicking the body as alleged by the victim.  The victim in *Reams* presented no evidence of resulting damage from the alleged kick and her daughters gave conflicting testimony about the prior condition of the car.  *Id.* at ¶ 15.  The Third District held that where "three State witnesses never agree on a single dent on the body of the car," the conflicting evidence weighed heavily against the criminal-damaging conviction.  *Id.*

{¶13}  Building on *Reams*, Mr. Thomas' argument centers on damage caused by the trash, but he ignores the fact that the trial court found him responsible for *all* of the damage.  Unlike in *Reams*, Ms. Whetstone produced an estimate showing that she suffered $900 worth of damages to her bumper, and we see no conflicting evidence on this score.  Direct evidence against Mr. Thomas may be scarce, but this is far from being the "exceptional case in which the evidence weighs heavily against the conviction."  *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  Accordingly, we overrule Mr. Thomas' third assignment of error challenging the weight of the evidence.

III.

{¶14}  In his second assignment of error, Mr. Thomas avers that the trial court erred by admitting his confession into evidence before the state established the corpus delicti of the crime.  "Before a confession to a crime is admissible, the state must have some evidence outside of the confession tending to establish the corpus delicti." *State v. Kraft*, 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, ¶ 18, citing *State v.*

7

*Edwards*, 49 Ohio St.2d 31, 358 N.E.2d 1051 (1976), paragraph one of the syllabus. "The state's evidentiary burden under the corpus delicti rule is minimal: only a 'modicum of evidence' is necessary to satisfy the rule." *Kraft* at ¶ 20, quoting *State v. Marshall*, 5th Dist. No. 2005CA00052, 2006-Ohio-83, ¶ 19. "This evidence does not need to relate to every element of the offense and can be circumstantial." *Id.*

{¶15} Mr. Thomas insists that because dumping trash on a vehicle is not a criminal act under R.C. 2909.06(A)(1), the state must produce independent evidence of the damage to the bumper outside of his alleged trash-dumping confession. Assuming this point for argument's sake, it fails to consider the totality of the evidentiary record. Ms. Whetstone testified that shortly after she ordered Mr. Thomas to leave work, she and multiple other employees observed him near her car. He appeared upset, hurled insulting names at her, and no one else was in the vicinity of the vehicle that now had trash on top of it. After this incident, she discovered the damage to her car. Is this an open and shut case? No, but this testimony satisfies the "modicum of evidence," even if circumstantial, necessary to establish the corpus delicti of criminal damaging and therefore supports the admission of Mr. Thomas' confession. Accordingly, Mr. Thomas' second assignment of error is overruled.

\* \* \*

{¶16} In light of the foregoing analysis, we overrule all of Mr. Thomas' assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P. J.,** and **WINKLER, J.,** concur.

Please note:

8

The court has recorded its entry on the date of the release of this opinion